# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

**HOWARD JACKSON,**

    **Petitioner,**

v.                                                      Case No. 1:19-cv-00149

**WARDEN, FCI McDowell,**

    **Respondent.**

## **MEMORANDUM OPINION and ORDER**

Currently pending are Petitioner's Motion for Expedited Consideration of Preappointment of Counsel Motion Already Filed with this Court, (ECF No. 7), and Petitioner's Motion for Reconsideration of Appointment of Counse, (ECF No. 8). As to Petitioner's Motion for Expedited Consideration, the Court **DENIES** same, because it is moot. Petitioner's Motion for Preaapointment of Counsel was denied on March 29, 2019. In regard to Petitioner's Motion for Reconsideration of Appointment of Counsel, the Court also **DENIES** that Motion.

Petitioner argues that a recent Seventh Circuit case justifies reconsideration of is motion for appointment of counsel. (ECF No. 8). In particular, Petitioner relies on *United States v. Durham*, -- F.3d --, 2019 WL 1941458 (7th Cir. May 2, 2019). In *Durham*, the Circuit Court held that in cases involving the revocation of supervised release, the standard for determining the appointment of counsel is the defendant's financial inability to retain counsel, as set forth in 28 U.S.C. § 3006(a)(1)(E), not the standard used to evaluate the need for counsel in cases of civil appeal, which is guided by the principles in

1

28 U.S.C. § 1915. *Id.* at *1.

The *Durham* decision is not directly applicable to the instant action. Petitioner has filed a habeas petition under 28 U.S.C. § 2241. The standard for determining whether or not to appoint counsel in a habeas proceeding is found at 28 U.S.C. § 3006(a)(2). Section 3006(a)(2)(B) provides that counsel may be appointed to represent a financially eligible person seeking relief under section 2241, 2254, or 2255 of title 28 "[w]henever the United States magistrate judge or the court determines that the interests of justice so require." 28 U.S.C. § 3006(a)(2)(B). In habeas cases under § 3006(a)(2)(B), the court uses an analysis *similar* to that used in deciding a motion to appoint counsel in a § 1915 civil action. *See Hoggard v. Purkett,* 29 F.3d 469, 471 (8th Cir. ) ("A district court may appoint counsel for a habeas petitioner when 'the interests of justice so require.' The interests of justice require the court to appoint counsel when the district court conducts an evidentiary hearing on the petition. The appointment of counsel is discretionary when no evidentiary hearing is necessary. In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors.")(internal citations omitted); *Sims v. Lewis,* No. 6:17-CV-3344-JFA, 2019 WL 1365298, at *4 (D.S.C. Mar. 26, 2019) ("[P]recedent of the U.S. Court of Appeals for the Fourth Circuit dictates appointment of counsel should be made only in exceptional cases.") (citing *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. United States Dist. Court*, 490 U.S. 196 (1989); *Davidson v. Warden, Warren Corr. Inst.*, No. 2:18-CV-00495, 2019 WL 1109566, at *2 (S.D. Ohio Mar. 11, 2019) ("Habeas corpus proceedings are considered to be civil in nature, and the Sixth Amendment does not guarantee the right to counsel in these proceedings.) (citing

*Hoggard*, 29 F.3d at 471). Thus, *Durham* does not change the standard used to determine the propriety of counsel in petitions brought under § 2241.

Accordingly, the reasons previously provided for denying Petitioner's motion for appointment of counsel still apply. The issues raised by Petitioner are clear, and it is not apparent at this point in the proceedings that an evidentiary hearing will be necessary. From a review of the documents filed herein, Petitioner appears capable of presenting his arguments. For these reasons, the appointment of counsel is not appropriate at this time.

The Clerk is instructed to provide a copy of this Order to Petitioner and counsel of record.

.

**ENTERED:** May 13, 2019

_____
Cheryl A. Eifert
United States Magistrate Judge