IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**HOWARD JACKSON,**

    **Petitioner,**

v.                                        **Case No. 1:19-cv-00149**

**WARDEN, FCI McDowell,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are the *pro se* Petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Howard Jackson ("Jackson") and Respondent's Response to the Petitions in which the Respondent seeks their dismissal. (ECF Nos. 1, 9, 17). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned **FINDS** that Jackson is not entitled to the relief requested; therefore, the undersigned **RECOMMENDS** that the § 2241 petitions be **DENIED**; Respondent's request for dismissal be **GRANTED**; and this matter be **DISMISSED**, with prejudice, from the docket of the Court.

**I.    Factual and Procedural History in the Sixth Circuit**

On July 13, 2010, Jackson was indicted by a federal grand jury empaneled in the United States District Court for the Eastern District of Michigan ("Sentencing Court") of

1

one count of being a felon in possession of a firearm following three violent felony or serious drug convictions, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). *See United States v. Jackson,* Case: 2:10-cr-20435 (E.D. Mich. Jul. 13, 2010) ("*Jackson I*"), ECF No. 11. The indictment explicitly identified the three predicate convictions as (1) a 1985 armed robbery; (2) a 2006 controlled substance delivery/manufacturing less than 50 grams; and (3) a 2008 controlled substance delivery/manufacturing less than 50 grams. *Id.* Upon learning that his sentence would be a mandatory statutory minimum of fifteen years' imprisonment, regardless of whether or not he pleaded guilty, Jackson decided to take his chances with a jury. *Jackson I,* ECF No. 35 at 3. The jury ultimately convicted Jackson of the offense, and he appeared for a sentencing hearing on February 14, 2011. *Id.*

At the hearing, the Sentencing Court confirmed that the crime of conviction carried a fifteen-year minimum sentence by statute; therefore, it could not impose a sentence lower than the minimum required. *Id.* at 4. The Sentencing Court added that under the United States Sentencing Guidelines ("USSG"), Jackson's sentence range began at a minimum of 210 months, or seventeen and one half years, of imprisonment. *Id.* at 7. Neither party argued that Jackson's prior convictions did not qualify as serious drug offenses or crimes of violence. After considering all of the factors, the Sentencing Court imposed the minimum fifteen-year sentence of imprisonment followed by three years of supervised release. *Id.* at 12-13.

Jackson appealed his conviction to the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit"), arguing in relevant part that 18 U.S.C. § 924(e) was unconstitutionally vague because of the definition of "serious drug offense" contained in § 924(e)(2)(A)(ii). *United States v. Jackson,* 491 F. App'x 554 (6th Cir. 2012). The Sixth

2

Circuit rejected Jackson's argument, pointing to the decision of the Supreme Court of the United States ("Supreme Court") in *United States v. Rodriquez,* 553 U.S. 377, 388-89 (2008), which held that even though 18 U.S.C. § 924(e) might be challenging to apply, courts were not free to disregard "the clear meaning of the statutory language" at issue. *Jackson,* 491 F. App'x at 557.

In March 2014, Jackson filed a Motion to Vacate Sentence under 28 U.S.C. § 2255 in the Sentencing Court. *Jackson I,* ECF No. 55. Jackson presented two grounds for vacating his sentence. First, he alleged ineffective assistance of counsel based on his trial counsel's failure to file a motion to suppress the firearm. *Jackson I,* ECF No. 66 at 3. Second, Jackson claimed that his prior convictions were improperly used to enhance his sentence, relying on the Supreme Court's decision in *Descamps v. United States,* 570 U.S. 254 (2013). *Id.* at 3-4. The Sentencing Court denied the Motion on July 7, 2014, finding that a motion to suppress would have been unsuccessful; therefore, Jackson could not establish ineffective assistance of counsel. *Id.* at 7. With respect to the prior convictions, the Sentencing Court determined that *Descamps* was inapplicable to Jackson's case, because the Michigan statutes underlying his prior convictions were not divisible and there was "no uncertainty regarding the elements of the crimes of which Jackson was convicted." *Id.* at 9-10. The Sentencing Court added that it had properly applied the formal categorical approach to its analysis of Jackson's prior convictions, and his sentence was appropriate. *Id.* at 10. The Sentencing Court declined to issue a certificate of appealability.

Jackson appealed the Sentencing Court's denial of the § 2255 motion to the Sixth Circuit. *Jackson v. United States,* No. 14-1943 (6th Cir. Jul. 25, 2014), Doc. 1. On January 23, 2015, the Sixth Circuit entered an Order rejecting the appeal. *Id.,* Doc. 6. Of

some relevance to this action, the Sixth Circuit found that Jackson had procedurally defaulted his *Descamps* claim by failing to raise it during sentencing or on appeal. Jackson had also failed to show cause and actual prejudice, or actual innocence. Consequently, his claims were properly dismissed by the Sentencing Court.

In 2016, Jackson moved the Sixth Circuit for authorization to file a second or successive motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *In Re Howard Keith Jackson,* No. 16-1807 (6th Cir. Jun 14, 2016), Doc. 8. Jackson argued that, "in light of *Johnson v. United States,* 135 S. Ct. 2551 (2015), he should not be subject to an enhanced sentence as an armed career criminal because his prior Michigan conviction for armed robbery no longer qualifies as a 'violent felony' under 18 U.S.C. § 924(e)(2)(B)." *Id.* The Sixth Circuit explained that authorization would be given if the movant made a prima facie showing that his proposed claim relied on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* Finding that Jackson had met that standard, authorization was granted and the matter was transferred to the Sentencing Court for disposition. *Id.*

On April 27, 2017, the Sentencing Court issued an order denying Jackson's second and successive § 2255 motion. *United States v. Jackson,* Case Nos. 2:10-cr-20435, 2:16-cv-12186, 2017 WL 2834741 (E.D. Mich. Apr. 27, 2017) ("*Jackson II*"). In *Jackson II*, the Sentencing Court reviewed the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), which imposes a mandatory fifteen-year sentence on any person who violates 18 U.S.C. § 922(g) and has three previous convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another[.]" *Id.,* at *1. At the time of Jackson's sentencing, the term "violent felony" was defined in the

4

ACCA as a felony conviction falling in one of three categories. First, under the "elements" clause, a conviction counted as a violent felony if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). Second, a felony conviction was considered violent under the "enumerated-offenses" clause if it was for burglary, arson, extortion, or involved the use of explosives. § 924(e)(2)(B)(ii). Finally, under the "residual clause," a conviction qualified as a violent felony if it "otherwise involves conduct that presents a serious potential risk of physical injury to another[.]" *Id.*

The Sentencing Court noted that there was only one question before it: "whether Jackson's armed robbery conviction qualifies as a 'violent felony' in the absence of the residual clause." *Jackson II,* at *1. The Sentencing Court examined the elements of Mich. Comp. L. § 750.529—the statute that formed the basis of Jackson's armed robbery conviction—and found that it fell within the elements clause of  § 924(e)(2)(B)(i), because to convict a defendant under the Michigan statute, a jury had to find that the defendant "assaulted" the victim. Assault was defined under Michigan law as "any intentional unlawful offer of corporal injury to another person by force or force unlawfully directed toward the person of another, under circumstances creating the apprehension of imminent contact, coupled with the apparent ability to accomplish the contact." *Id.,* at *2 (citation omitted). Therefore, the Sentencing Court concluded that a conviction under Michigan's armed robbery statute qualified as a predicate offense for application of the armed career criminal enhancement. Jackson did not appeal the Sentencing Court's denial of his second and successive § 2255 motion.

## II. Procedural History in the Fourth Circuit

On March 4, 2019, Jackson filed a Motion for Preappointment of Counsel, (ECF

No. 1), which the Clerk construed as a Motion under 28 U.S.C. § 2241. In this Motion, Jackson stated that his armed career criminal enhancement was improper, because his armed robbery conviction did not qualify as a predicate offense. (*Id*.). In support of his position, Jackson cited to a recent case, *United States v. Powers,* which he described as a Sixth Circuit decision establishing an intervening rule of law. (*Id*. at 2). Jackson asserted his need to have counsel appointed to help him pursue his claim.

On March 29, 2019, the undersigned denied Jackson's motion for the appointment of counsel. (ECF No. 6). After explaining some procedural issues to Jackson, the Court granted Jackson thirty days in which to supplement his motion. (*Id*.). On May 10, 2019, Jackson filed a petition for a writ of habeas corpus under § 2241 and a supporting memorandum. (ECF Nos. 9, 10). In these documents, Jackson argues that his sentence was improperly enhanced under § 924(e); thus, resulting in a sentence beyond the statutory maximum for the crime he committed. (ECF No. 9 at 6; ECF No. 10 at 1). Jackson contends that his two controlled substance convictions and the armed robbery conviction should not have been used as predicate offenses under the ACCA, in light of *Johnson v. United States,* 135 S. Ct. 2551 (2015); *Mathis v. United States,* 136 S. Ct. 2243 (2016); and *Powers v. United States,* 2018 WL 6571223 (E.D. Mich. Dec. 13, 2018).

In a response filed on July 12, 2019, Respondent moved the Court to dismiss Jackson's habeas petition for lack of subject matter jurisdiction, alleging that the petition was nothing more than a misnamed § 2255 motion, which should have been filed in the Sentencing Court. (ECF No. 17). Respondent argues that Jackson cannot satisfy the requirements of the savings clause; therefore, his claims are not cognizable in a § 2241 petition. Respondent further contends that all of three of the prior

convictions used by the Sentencing Court to enhance Jackson's sentence under the ACCA are valid predicate offenses, and, therefore, Jackson's sentence remains appropriate.

Jackson filed a reply in opposition to Respondent's request for dismissal of the habeas petitions, reiterating his earlier argument that he is entitled to review of his claims by this Court. (ECF No. 19). Jackson asserts that, under the cases he has cited, his prior convictions do not categorically qualify as predicate offenses. He adds that the cases upon which he relies are retroactive on collateral review, and that the Court should consider all three as establishing new rules of statutory law; even *Powers,* despite it being a district court decision rather than one issued by the Sixth Circuit or the Supreme Court.

## III.  Standard of Review

Respondent requests that Jackson's petition be dismissed. (ECF No. 17 at 1). Respondent does not articulate under which rule's authority he seeks dismissal, but, presumably, this request is made pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Respondent filed a Response concurrently with his motion to dismiss, the motion technically should be considered as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). However, the distinction makes no practical difference as the same standard of review applies to motions to dismiss under Rule 12(b)(6) and motions for judgment on the pleadings under Rule 12(c), and both motions may be filed in habeas actions. *Id.* at 138-39; *see also Martin v. U.S. Parole Comm'n*, No. CV PWG-17-3335, 2018 WL 2135009, at *1 (D. Md. May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all

7

well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion without converting it into a motion for summary judgment. *Id.* The Court "may also consider documents attached to the complaint … as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

**IV. <u>Discussion</u>**

Despite the title he affixes to his petition, Jackson unequivocally challenges the validity of his sentence and not it's execution. As such, his filing is not a habeas petition under 28 U.S.C. § 2241; rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *Davis v. Rickard,* No. 1:18-01192, 2019 WL 4780814, at \*2

(S.D.W. Va. Sept. 30, 2019).

Notwithstanding, Jackson argues that his petition is properly brought under § 2241, because he qualifies for the "savings clause" exception to § 2255. The "savings clause" is found in the last sentence of § 2255(e), as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). As indicated, the savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," *Vial*, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F. Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, in the context of a challenge to the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of the circuit or the Supreme Court established the legality of his sentence; (2) subsequent to his direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to the retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") held in *Wheeler* that the requirements of the savings clause were jurisdictional rather than procedural; therefore, if they are not met, the court does not have jurisdiction to

9

entertain the § 2241 petition. *Id.* at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. *See Hood v. United States*, 13 F. App'x. 72 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014), *aff'd*, 573 F. App'x 268 (4th Cir. 2014).

### A. The Petition as a § 2241 Motion

### 1. Governing law

"In evaluating substantive claims under the savings clause ... we look to the substantive law of the circuit where the defendant was convicted." *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019). On the other hand, procedural issues are governed by the procedural law of the circuit in which the petition is pending. *Id.* Jackson was convicted in the Eastern District of Michigan, which sits in the Sixth Circuit. As he was incarcerated in the Southern District of West Virginia at the time he filed his habeas petition, Jackson properly filed the petition in this Court. Therefore, the undersigned applies Fourth Circuit procedural law and Sixth Circuit substantive law to the issues in dispute.

### 2. Jackson cannot meet the four prongs of *Wheeler;* as a result, he cannot use the savings clause to challenge his sentence

#### a. Prong One—at the time of sentencing, settled law of the Circuit or the Supreme Court established the legality of the sentence.

Respondent does not challenge Jackson's position that he meets the first prong of the *Wheeler* test, and the undersigned agrees. At the time of Jackson's sentencing, the Sixth Circuit had found, albeit in an unpublished decision, that convictions under the same Michigan statute that formed the basis of Jackson's two drug trafficking convictions did qualify as predicate offenses for sentence enhancement under the ACCA.

10

*See United States v. Taylor,* 301 F. App'x 508, 518 (6th Cir. 2008). Moreover, Jackson appealed his sentence to the Sixth Circuit, arguing that his prior drug offenses should not have been counted, and the Sixth Circuit rejected that position. *United States v. Jackson,* 491 F. App'x 554 (6th Cir. 2012). Similarly, the statute underlying Jackson's armed robbery conviction was found by the Sixth Circuit to qualify as a violent felony under the ACCA. *See United States v. Nichols,* 126 F. Supp.2d 479 (6th Cir. 1993).

### b. Prong two—subsequent to the prisoner's direct appeal and first § 2255 motion, the settled substantive law changed and was deemed to apply retroactively on collateral review.

Jackson argues that, after his direct appeal and first § 2255 motion were resolved, three cases were decided, which establish new rules of substantive law that are retroactive on collateral review. Jackson indicates that these three cases render his armed career criminal sentence enhancement invalid and require him to be resentenced without the enhancement. New rules of substantive law include "decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." *Schriro v. Summerlin,* 542 U.S. 348, 351 (2004).

Chronologically, the first case cited by Jackson is *Johnson v. United States,* 135 S. Ct. 2551 (2015). In *Johnson,* the Supreme Court held that the residual clause of the ACCA's definition of "violent felony" was unconstitutionally vague. *Johnson,* 135 S. Ct. at 2555. As a result, any ACCA sentence enhancement, which was based upon a prior conviction that qualified as a violent felony under the residual clause only, was no longer constitutional. In contrast, prior offenses that fell within the enumerated-offenses and elements clauses continued to qualify as countable convictions under the ACCA. Therefore, sentences that were enhanced using convictions falling within those two

11

clauses remained valid. The decision in *Johnson* announced a new rule of substantive law that applied retroactively on collateral review. *Welch v. United States,* 136 S. Ct. 1257, 1265 (2016).

However, as the Sentencing Court pointed out in *Jackson II,* the *Johnson* decision is of no use to Jackson, because his armed robbery conviction qualified as a violent felony under the elements clause of the § 924(e)(1)(B)(i). *Jackson II,* at *2. The Sentencing Court explained that the Michigan armed robbery statute contained as an element "the threatened use of physical force." *Id.* Accordingly, as *Johnson* did not change the qualification of Jackson's armed robbery conviction as a valid predicate for the career criminal sentence enhancement and, furthermore, made no finding related to the definition of "serious drug offense." Jackson's reliance on *Johnson* to satisfy the second prong of *Wheeler* is misplaced.

The next case referenced by Jackson is *Mathis v. United States,* 136 S. Ct. 2243 (2016). However, the *Mathis* case does not create a new rule of substantive law; instead, it merely illuminates guidance first provided by the Supreme Court in *Taylor v. United States,* 495 U.S. 575 (1990). In *Taylor,* the Supreme Court explained the categorical and modified categorical approaches to determining if a prior conviction qualified as burglary, arson, or extortion under the enumerated offenses clause of the ACCA. *Id.,* 495 U.S. at 600-601. Later, *Shephard v. United States,* 544 U.S. 13 (2005), and *Descamps v. United States,* 570 U.S. 254 (2013), reiterated and clarified how to apply the categorical and modified categorical approaches. The Supreme Court again advised that, when examining a prior conviction under the ACCA, the sentencing court should use a categorical approach, which consists of comparing the elements of the statute forming the basis of the prior conviction with the elements of the "generic" crime. *Descamps,* 570

U.S. at 257. "The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." *Id.* However, when the underlying statute is "divisible"—meaning that the statute "sets out one or more elements of the offense in the alternative," the sentencing court can evaluate the statute using a "modified categorical approach." *Id.* Under this approach, the court is permitted to refer to a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's conviction. Once the relevant alternative is identified, the court proceeds to compare the elements of the crime of conviction, considering the alternative element, with the elements of the generic crime. Accordingly, the limited function of the modified categorical approach is to "effectuate the categorical analysis when a divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the defendant's conviction." *Id.* at 260. The Supreme Court emphasized that the modified categorical approach is not an exception to the categorical approach; instead, it is a "tool" that retains "the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime." *Id.* at 263.

In a more recent case, *Mathis,* the Supreme Court repeated the standard in *Taylor,* noting that to determine whether a prior conviction qualified as a predicate offense under the ACCA, the court applied the categorical approach. *Mathis* 136 S. Ct. 2243 (2018). The modified categorical approach was used only when the statute underlying the conviction was divisible and, then, the approach only differed in that the court could use a limited category of documents to determine which alternative elements of the divisible statute formed the basis of the conviction. Once the relevant elements were discerned, the court returned to the basic approach of comparing the elements of

13

the offense of conviction to the elements of the applicable generic offense. *Id.* at 2248. Thus, the purpose of *Mathis* was to fine-tune the rules regarding when to apply the categorial and modified categorical approach for evaluating the ACCA's enumerated offense of burglary. However, the *Mathis* decision did not alter either analytical approach.

Clearly, *Mathis* did not change substantive law or have any impact on the validity of Jackson's armed career criminal sentence enhancement. Furthermore, even assuming it did have some effect on Jackson's sentence, he has not demonstrated that *Mathis* is retroactive on collateral review; particularly, in the case of a second collateral attack. The Supreme Court has not made the case retroactive on collateral review, and neither has the Fourth Circuit or the Sixth Circuit. *See See e.g., Walker v. Kassell*, 726 F. App'x. 191, 192 (4th Cir. 2018) (noting that *Mathis* "has not been held retroactively applicable on collateral review); *Brooks v. Bragg,* 735 F. App'x 108, 109 (4th Cir. 2018) ("However, *Descamps* and *Mathis* did not announce a retroactively applicable substantive change in the law. Rather, these cases reiterated and clarified the application of the categorical approach or the modified categorical approach, to determine whether prior convictions qualify as predicates for recidivist enhancements."); *Raines v. United States,* 898 F.3d 680, 685 (6th Cir. 2018) (noting that "*Mathis* involved an old rule of statutory law, not a new rule of constitutional law" that would allow its use on a second or successive § 2255 motion); *Goins v. United States,* No. 16-6826, 2017 WL 6546952, at *1 (6th Cir. Jun. 26, 2017) ("However, contrary to Goins's arguments, the holdings in *Mathis* and *Descamps* are not new rules of constitutional law that the Supreme Court has made retroactive to cases on collateral review. *See Dawkins v. United States*, 829 F.3d 549, 550–51 (7th Cir. 2016) (per curiam) (*Mathis* ); *United States v. Davis*, 751

F.3d 769, 775 (6th Cir. 2014) (*Descamps* )). Therefore, *Mathis* does not satisfy the second prong of the *Wheeler* test.

The last case relied upon by Jackson is *Powers v. United States,* 2018 WL 6571223 (E.D. Mich. Dec. 13, 2018). Unfortunately for Jackson, *Powers* provides no viable argument in support of his position. First, the *Powers* decision is unpublished and does not reflect a change in Supreme Court or Circuit Court law as required by *Wheeler*. Second, the decision was vacated by the issuing court in 2019 based upon a recent Sixth Circuit decision that was contrary to *Powers. See Powers v. United States,* Case No. 12-cr-20443, 2019 WL 1505674 (E.D. Mich. Apr. 5, 2019).

In summary, none of the cases cited by Jackson demonstrate a change in settled substantive law that would apply retroactively to his petition. Indeed, a review of established Sixth Circuit law indicates that the opposite is true—that the relevant substantive law has not changed, and Jackson's three convictions remain valid predicate offenses for application of the ACCA's sentence enhancement. In *Chaney v. United States,* 917 F.3d 895, (6th Cir. 2019), the Sixth Circuit looked at Mich. Comp. L. § 750.530, which criminalized unarmed robbery and found the statute to categorically constitute a violent felony under the ACCA's elements clause. *Id.,* 917 F.3d at 900. Following up on *Chaney,* the Sixth Circuit explicitly found that armed robbery under Mich. Comp. L. § 750.529—the statute upon which Jackson was convicted—was also a violent felony under the ACCA. *Reliford v. United States,* 773 F. App'x 248, 253 (6th Cir. 2019). Substantive law related to Jackson's drug trafficking convictions in violation of Mich Comp. L. § 333.7401 has not changed either. Jackson's convictions qualified as serious drug offenses under the ACCA at the time he was sentenced, and have remained serious drug offenses for purposes of the enhancement. *See Brownlee v. United States,*

15

No. 19-2134, 2020 WL 1520113, at *2 (6th Cir. Feb. 11, 2020) (citing *United States v. Tibbs,* 685 F. App'x 456, 462-64 (6th Cir. 2017)); *Smith v. United States,* No. 16-1122, 2016 WL 9413661, at *2 (6th Cir. 2016).

Accordingly, the undersigned **FINDS** that Jackson fails to satisfy the second prong of the *Wheeler* test.

### c. Prong 3—the movant cannot satisfy the gatekeeping provisions of § 2255(h)(2) for second or successive motions

The undersigned **FINDS** that Jackson meets this prong, because a § 2255 motion would be both untimely and successive, and Jackson is not likely to obtain authorization from the Sixth Circuit to file a successive § 2255 motion. Jackson does not offer newly discovered evidence, nor does he raise in support of his claims a new, previously unavailable rule of constitutional law, made retroactive on collateral review by the Supreme Court.

### d. Prong 4—due to the retroactive change of law, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Given that Jackson has not established a retroactive change in substantive law, the undersigned **FINDS** that his sentence does not present an error sufficiently grave to be deemed a fundamental defect. Thus, Jackson does not meet the fourth prong of the *Wheeler* test.

As explained above, Jackson fails to satisfy prongs 2 and 4 of the *Wheeler* test; consequently, the undersigned **FINDS** that this Court lacks jurisdiction over Jackson's petition.

### B. The Petition as a § 2255 Motion

Inasmuch as Jackson's claims are not properly brought under § 2241, his petition

16

"must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). If this Court chooses to dismiss Jackson's case, then he will be required to pursue his claim in the United States District Court for the Eastern District of Michigan. Unlike § 2241 petitions, which are brought in the district where the petitioner is incarcerated at the time that he files his petition, *see United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008), Section 2255 directs the petitioner to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). The Court could construe Jackson's petition as a § 2255 motion and transfer it to the Sentencing Court; however, the undersigned **FINDS** no purpose in this exercise. Jackson's apparent lack of authorization from the Sixth Circuit to file a successive § 2255 motion, as required by § 2255(h) and 28 U.S.C. § 2244(b)(3)(A), eliminates any benefit to be gained from a transfer to the Sentencing Court. *See Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at *2 (S.D.W. Va. Nov. 13, 2013); *Satcher v. Hogsten*, No. 1:13-0466, 2013 WL 5674856, at *2 (S.D.W. Va. Oct. 17, 2013); *see also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

As an alternative, this Court may exercise its authority under 28 U.S.C. § 1631, to recharacterize the petition as a motion for pre-filing authorization, and transfer it to the Sixth Circuit for consideration. Title 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

The Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions;" instead, leaving district courts the discretion to determine whether the transfer of an unauthorized successive petition is "in the interest of justice." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). A district court may dismiss, rather than transfer, a petition that is meritless or time-barred. *United States v. McNeill*, 523 F. App'x 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999)) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 that were frivolous). In the Sixth Circuit, transfer is mandatory "when transfer would be in the interest of justice." *Yuan Yu v. Brennan,* Case No. 2:18-cv-1732, 2019 WL 5420633, at *1 (S.D. Ohio Oct. 23, 2019).

For an appellate court to grant a petitioner's request to file a second or successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205. In considering whether a pre-filing authorization motion should be granted, the Fourth Circuit considers "whether the applicant made the requisite prima facie showing about a new rule of constitutional law," and whether the successive motion would be time-barred. *In re Vassell*, 751 F.3d 267, 270-71 (4th Cir. 2014). Here, "tak[ing] a peek at the merits" of Jackson's claim, it appears that a transfer is not warranted because Jackson cannot satisfy the requirements of 28

18

U.S.C. § 2255(h), *Phillips*, 173 F.3d at 610. Therefore, the undersigned **FINDS** that transfer of Jackson's petition would not be in the interest of justice.

## V.     Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Jackson's Petitions for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF Nos. 1, 9), be **DENIED;** that Respondent's request for dismissal, (ECF No. 17), be **GRANTED;** and that this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing

party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** April 24, 2020

---
Cheryl A. Eifert
United States Magistrate Judge