```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BLUEFIELD
```

HOWARD JACKSON,

    Plaintiff,

v.                          CIVIL ACTION NO. 1:19-00149

WARDEN, FCI McDowell,

    Defendant.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Eifert submitted to the court her Findings and Recommendation on April 24, 2020, in which she recommended that the district court deny plaintiff's petition for a writ of habeas corpus, grant respondent's request for dismissal, dismiss plaintiff's petition under 28 U.S.C. § 2241 with prejudice, and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Eifert's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).  Moreover, this court need not conduct a de novo review when a plaintiff "makes general and conclusory objections

that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Jackson timely filed objections to the PF&R. See ECF Nos. 23 and 24. With respect to those objections, the court has conducted a de novo review.

On July 13, 2010, in the United States Court for the Eastern District of Michigan, an indictment was returned charging Jackson with being a felon in possession of a firearm following three violent felony or serious drug convictions, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The indictment identified the three predicate felonies as follows: (1) a 1985 armed robbery; (2) a 2006 controlled substance delivery/manufacturing less than 50 grams; and (3) a 2008 controlled substance delivery/manufacturing less than 50 grams. Following a jury trial, Jackson was convicted.

Because of the predicate felonies, Jackson's crime of conviction carried a fifteen-year minimum sentence. Although the bottom of the guidelines range was 210 months, the court imposed the fifteen-year minimum sentence.

Jackson argues that the armed career criminal enhancement should not have been applied at sentencing because his armed robbery conviction did not qualify as a valid predicate offense. Therefore, according to him, his sentence should be vacated.

2

Magistrate Judge Eifert's PF&R is thorough and comprehensive and provides an excellent account of the arguments Jackson raises that, according to him, entitle him to habeas relief. Plaintiff's objections do not direct the court to specific errors in the PF&R but, rather, merely restate the same arguments previously made without confronting the deficiencies identified in the PF&R.

Jackson objects to the PF&R's ultimate conclusion that his claims are not cognizable in § 2241. He does not really grapple with the analysis in the PF&R detailing why he is unable to proceed under the savings clause on these claims — that Mathis does not apply retroactively applicable on collateral review.

As Magistrate Judge Eifert correctly noted, Jackson challenges the validity of his sentence and, therefore, in view of the nature of his claims, his application must be considered to be a Motion to Vacate, Set Aside or Correct his sentence under § 2255. Motions under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. See Hahn v. Moseley, 931 F.3d 295, 300 (4th Cir. 2019) ("Generally, defendants who are convicted in federal court must pursue habeas relief from their convictions and sentences through the procedures set out in 28 U.S.C. § 2255."). The

remedy under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255.

"Nonetheless, § 2255 includes a 'savings clause' that preserves the availability of § 2241 relief when § 2255 proves `inadequate or ineffective to test the legality of a [prisoner's] detention.'" Hahn, 931 F.3d at 300 (quoting 28 U.S.C. § 2255(e)); see also In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves `inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). "In determining whether to grant habeas relief under the savings clause, [a court should] consider (1) whether the conviction was proper under the settled law of this circuit or Supreme Court at the time; (2) if the law of conviction changed after the prisoner's direct appeal and first § 2255 motion; and (3) if the prisoner cannot meet the traditional § 2255 standard because the change is not one of constitutional law." Hahn, 931 F.3d at 300-01 (citing In re Jones, 226 F.3d at 333-34).

The United States Court of Appeals for the Fourth Circuit has also held that a person in federal custody may, under certain circumstances, use the savings clause under § 2255 to challenge his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (2018). In Wheeler, the Fourth Circuit held that § 2255 is

inadequate or ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429 (citing In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000)).

The plaintiff bears the burden of showing the inadequacy or ineffectiveness of a § 2255 motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of § 2255 does not render the remedy of § 2255 inadequate or ineffective. See In re Jones, 226 F.3d at 332-33; Young v. Conley, 128 F. Supp.2d 354, 357 (S.D.W. Va. 2001); see also Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002) ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative. Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.") (citations omitted). A

section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion. Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

With respect to his claim under Mathis, Magistrate Judge Eifert concluded that plaintiff could not satisfy the second prong of the Wheeler test because that decision does not apply retroactively on collateral review. Magistrate Judge Eifert was correct on this point as numerous courts, in both the Fourth and Sixth circuits, have concluded that Mathis does not apply retroactively on collateral review. See, e.g., In re Conzelmann, 872 F.3d 375, 376 (6th Cir. 2017) ("Mathis does not work either. It did not announce a new rule of constitutional law made retroactive by the Supreme Court. . . . The Court's holding in Mathis was dictated by precedent (indeed two decades worth)."); Goins v. United States, No. 16-6826, 2017 WL 6546952, *1 (6th Cir. June 26, 2017) ("[T]he holdings in Mathis and Descamps are not new rules of constitutional law that the Supreme Court has made retroactive to cases on collateral review."); Diaz v. Beckley, CIVIL ACTION NO. 5:18-cv-00248, 2019 WL 6717635, *1 (S.D.W. Va. Dec. 10, 2019) ("District courts within the Fourth Circuit have determined that Descamps merely crystallized its previous rulings and has not been applied retroactively on collateral review. . . . Similarly, the Supreme Court's decision

in Mathis sets forth a procedural rule that has not been made retroactive on collateral review.") (internal citations and quotations omitted); Barnes v. Bragg, C/A No. 1:18-1181-JFA-SVH, 2018 WL 4557085, *3 (D.S.C. June 14, 2018) ("Petitioner cannot satisfy the criteria to invoke § 2255's savings clause to proceed under § 2241. Petitioner is not able to meet the savings clause in In re Jones, as neither Descamps or Mathis have decriminalized the criminal conduct . . . for which Petitioner was convicted. Petitioner is also unable to meet the Wheeler savings clause, as neither Descamps or Mathis announced a new rule of law retroactively applied on collateral review."); see also PF&R at pp. 14-16 and authorities cited therein.

      Jackson's objections are **OVERRULED**.

      In his objections, Jackson also asks the court to allow him to amend his petition to assert a claim based on the decision of the United States Supreme Court in Rehaif v. United States, 139 S. Ct. 2191, 2200 (2019), which held that for a felon-in-possession offense the government must prove a defendant knew he or she belonged to category of persons barred from possessing firearms. According to Jackson, under Rehaif, his conviction must be vacated. See ECF Nos. 23, 24, and 25.

      Amendment would be futile. As discussed above, if Jackson seeks to vacate his sentence, the vehicle for doing so is a motion under 28 U.S.C. § 2255. He may proceed under § 2241

7

only if he can satisfy the test set out in Jones. This he cannot do. Jackson cannot satisfy the second prong of the savings clause test because the conduct for which plaintiff was convicted is still illegal and being a felon in possession of a firearm is still a valid criminal offense. Courts within the Sixth Circuit have concluded that Rehaif did not change the substantive law such that the conduct for which Hill was convicted is no longer illegal. See Parrish v. Young, Civil Action No. 5:20-00710, 2021 WL 3504643, at *4 (S.D.W. Va. July 13, 2021) ("Additionally, Rehaif did not change substantive law. Courts within the Fourth and Sixth Circuits have held that Rehaif did not change substantive law if the conduct for which the petitioner was convicted is still illegal and being a felon in possession of a firearm is still a valid criminal offense."), proposed findings and recommendation adopted by 2021 WL 3503228 (S.D.W. Va. Aug. 9, 2021); Andrew v. Barnes, Case No. 5:20-cv-02233-DCC, 2021 WL 1986647, at *2 (D.S.C. May 18, 2021) ("Petitioner cannot meet the Jones test because he cannot show as a matter of law that Rehaif rendered his conduct not criminal. Rehaif only clarified what the government needs to prove to secure a conviction under 18 U.S.C. § 922(g), and possession of a firearm by a felon remains illegal.").

There is also no merit to Jackson's Rehaif claim. At his trial, Jackson stipulated that he had previously been convicted

8

of a felony.  See United States v. Jackson, Case 2:10-cr-20453-SJM-VMM, ECF No. 42 at p.159 ("[T]he Government and the defendant have stipulated and agreed that the defendant has previously been convicted of a crime punishable by imprisonment for more than one year.").  In Greer v. United States, 141 S. Ct. 2097, 2097 (2021), the Court held that a defendant who had stipulated to being a felon did not demonstrate that his substantial rights were affected due to a Rehaif error in jury instructions.  As the Court put it:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb . . . based on an argument that he did not know he was a felon.  The reason is simple:  If a person is a felon, he ordinarily knows he is a felon.  "Felony status is simply not the kind of thing that one forgets." United States v. Gary, 963 F.3d 420, 423 (4th Cir. 2020) (Wilkinson, J., concurring in denial of reh'g en banc).  That simple truth is not lost upon juries.  Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant knew he was a felon based on the fact that he was a felon. . . .  In short, if a defendant was in fact a felon, it will be difficult for him to carry the burden on plain-error review of showing a "reasonable probability" that, but for the Rehaif error, the outcome of the district court proceedings would have been different.

Id.  It is clear that Jackson would be unable to show a Rehaif error given his trial stipulation as well as the fact that he had been convicted of multiple felonies.

Because Jackson's Rehaif claim cannot satisfy the test laid out in Jones, to the extent he seeks leave to amend, that

9

request is denied.  See Hoffman v. Breckon, Civil Action No. 7:18-cv-00265, 2020 WL 929589, at *9-10 (W.D. Va. Feb. 26, 2020) (refusing to allow amendment to assert a Rehaif claim in § 2241 proceeding because amendment would be futile).

Having reviewed the Findings and Recommendation filed by Magistrate Judge Eifert, the court hereby **OVERRULES** plaintiff's objections and adopts the findings and recommendations contained therein.  Accordingly, the court hereby **DENIES** plaintiff's petition under 28 U.S.C. § 2241 for a writ of habeas corpus, **GRANTS** defendant's request for dismissal, **DISMISSES** plaintiff's petition under 28 U.S.C. § 2241 without prejudice,* and directs the Clerk to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and

---

* The court declines to adopt the PF&R's recommendation to dismiss this action with prejudice and instead dismisses this action without prejudice for lack of jurisdiction.  See Buey v. Warden, FCI McDowell, No. 20-7483, 2021 WL 753610, at *1 (4th Cir. Feb. 26, 2021) (modifying dismissal order to reflect a dismissal without prejudice for lack of jurisdiction); see also United States v. Wheeler, 886 F.3d 415, 423 (4th Cir. 2018) ("[T]he savings clause is a jurisdictional provision.").

that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 31st day of March, 2022.

        ENTER:

        David A. Faber
        Senior United States District Judge